Filed 1/22/15  In re David B. CA4/3

**NOT TO BE PUBLISHED IN OFFICIAL REPORTS**

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

FOURTH APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| In re DAVID B., a Person Coming Under the Juvenile Court Law. | |
| THE PEOPLE, | |
| Plaintiff and Respondent, | G050094 |
| v. | (Super. Ct. No. DL048481) |
| DAVID B., | O P I N I O N |
| Defendant and Appellant. | |

Appeal from a judgment of the Superior Court of Orange County, Lewis W. Clapp, Judge.  Affirmed.

Jason L. Jones, under appointment by the Court of Appeal, for Defendant and Appellant.

No appearance for Plaintiff and Respondent.

\*          \*          \*

Minor David B. (born December 2000) filed a notice of appeal after the juvenile court declared him a ward of the court. His appointed counsel filed a brief summarizing the case, but advised this court he found no issues to support an appeal. We gave minor 30 days to file a written brief on his own behalf, but he has not responded. After conducting an independent review of the record under *People v. Wende* (1979) 25 Cal.3d 436 (*Wende*), we affirm.

FACTS

In September 2013, the Orange County District Attorney filed a juvenile court petition (Welf. & Inst. Code, § 602) alleging 12-year-old David B. committed three violations of lewd acts on a child under age 14 (Pen. Code, § 288, subd. (b) [forcible; count 1], § 288, subd. (a) [nonforcible; counts 2 and 3]; all statutory citations are to the Penal Code unless noted) and one misdemeanor count of dissuading a witness (§ 136.1; count 4) between January and July 2013. At the detention hearing, the juvenile court ordered minor released to his mother's custody. The court issued an order restraining him from contact with his five-year-old half sister I.S.

Six-year-old I.S. testified at the jurisdiction hearing she lived with the children's father and I.S.'s stepmother. Minor, I.S.'s brother, lived with his mother, but visited his father three weekends a month. I.S. described playing a "popsicle game" in her room with minor. She kneeled on the carpet and he sat on her lower bunk bed. He told her to close her eyes, she opened her mouth, and he put "part of his skin" in her mouth and he said "not to bite." She thought his shorts or pants were unbuttoned, but later said she did not recall this. She also recalled an incident where he pulled down her pants and underwear and "maybe" touched her "peepers" (private parts) with his fingers. She asked "can you stop," but he kept doing it. Minor told her not to tell their father about either the popsicle game or the other incident. She told her father about the popsicle game.

2

In her July 2013 statements to a child abuse sexual team (CAST) interviewer, I.S. said minor pulled down her shorts and underwear a little bit and touched and rubbed on her "peepers" or private parts. She did not want him to do this and told him to stop, but he said no. She was lying on his bed at the time. He laid on her back and moved back and forth on her. He also did the "popsicle thing," directing her to close her eyes and open her mouth. It "felt warm so it wasn't a popsicle." Whenever she opened her eyes he covered himself up. He was on her bed, she sat on the floor, and his pants were down. He told her not to tell their dad. I.S. claimed minor had touched her private parts on other days.

Father testified minor understood the difference between right and wrong, he was a smart child, and in a gifted program in school. I.S. disclosed the popsicle game incident one night at the dinner table in early July. She knew it was not a popsicle because it was "salty and warm." Father asked whether minor touched her private areas and I.S. said no. She also said neither she nor minor's clothes were off.

A social worker testified she interviewed I.S. about two weeks after I.S. made the disclosures to father. I.S. said minor sat on her back and they were both clothed. I.S. did not say minor did anything else while sitting on her back.

The district attorney elected not to proceed on the misdemeanor count of dissuading a witness (count 4), and the court dismissed the forcible lewd act count (count 1) and one of the nonforcible lewd act counts (count 2) for insufficient evidence after the close of the district attorney's case. (Welf. & Inst. Code, § 701.1.)

In March 2014, the juvenile court found minor committed lewd acts as alleged in count 3 of the petition, a felony. The court found minor knew right from wrong.

The court ordered an expert psychological evaluation (Evid. Code, § 730) for minor. The psychologist prepared a report describing minor as "very compliant" and "rule following." Nothing suggested "impulse issues" impacting his "ability to quell his

3

urges . . . ." The psychologist recommended six months of therapy, noting "minor is in the low category for overall re-offense rate" and opining he could be maintained safely within the community if he received supervision "around young children until such a time when the therapeutic professional . . . determines he is safe to be around children."

At the disposition hearing in April 2014, the court placed minor on probation with standard terms and conditions, ordered one year of individual therapy, and granted the probation department discretion to determine whether additional therapy was needed. The court also ordered minor not to have contact with I.S. for one year without adult supervision. The court stated the maximum term of commitment was eight years. The court also imposed a restitution fee of $100. The court authorized transfer of the wardship proceedings to San Bernardino County, minor's county of residence.

DISCUSSION

Counsel listed the following issue to aid our review of the record: (1) whether the juvenile court erred in admitting at the jurisdiction hearing I.S.'s statements made during her December 2013 CAST interview (see Evid. Code, § 1360); (2) whether I.S.'s failure to recall the molestation incident related in the CAST interview at the jurisdiction hearing violated minor's right to confront witnesses against him; and (3) whether sufficient evidence supported the finding minor committed lewd acts as alleged in count 3.

Appellate counsel represents in a declaration attached to the opening brief he has thoroughly reviewed the record, he advised minor he would be filing a brief complying with *Wende* procedures and provided him with a copy of the brief, advised minor he could personally file a supplemental brief raising any issues, provided a copy of the appellate record to assist review should minor wish to file a brief, and advised minor he could seek to remove counsel.

We have conducted a review of the entire record under *Wende, supra,* 25 Cal.3d 440 and find no arguable issues on appeal. Minor has not filed a

4

supplemental brief.  (*People v. Kelly* (2006) 40 Cal.4th 106, 110, 120, 124 [appellate court must address issues raised personally by appellant in a *Wende* proceeding and explain why they fail].)

III

DISPOSITION

The judgment is affirmed.


                                        ARONSON, ACTING P.J.

WE CONCUR:


FYBEL, J.


IKOLA, J.